**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 11-60814-CIV-ZLOCH/ROSENBAUM

EMERGENCY SERVICES 24, INC.,

     Plaintiff,

v.

FEDERATED MUTUAL
INSURANCE COMPANY,

     Defendant.

_____/

**<u>ORDER ON DEFENDANT'S MOTION TO COMPEL</u>**

     This matter is before the Court on Defendant's Motion to Compel Better Answers to Discovery [D.E. 12], referred to me by the Honorable William J. Zloch [D.E. 15]. The Court has reviewed Defendant's Motion, Plaintiff's Response, and Defendant's Reply, as well as the other materials in the case file. The Court has also heard oral argument from counsel at a hearing on November 1, 2011. The Court announced its rulings on the Motion to Compel during the hearing, and this Order memorializes those rulings.

**Background**

     This action involves an insurance claim for remediation of fire damage at a commercial building located in Pompano Beach ("the Building"). At the time of the fire, Able South, Inc., leased the Building from its owner, North Broward Commerce Center ("NBCC"). Able South's property was insured under a policy issued by Defendant Federated Mutual Insurance Company ("Federated"), and NBCC's property was separately insured by Nova Casualty Company ("Nova").

     As relevant here, Plaintiff Emergency Services 24, Inc., ("ES-24") provides cleanup and repair services for properties damaged by fire. After the fire at the Building, Able South and NBCC

executed documents assigning their rights under the Federated and Nova policies to ES-24.  *See* D.E. 1-1 at 4-5 (Able South assignment regarding Federated policy).  Thereafter, ES-24 performed cleanup and repair work on the Building over the course of five days.

ES-24 subsequently presented an invoice to Federated totaling $212,244.13, purportedly for ES-24's work to remediate the damage covered by Federated's policy.[1]  *See* D.E. 12-1 at 2-22. Federated contends, however, that certain charges on ES-24's invoice "appear impossibly excessive."  D.E. 12 at 2.  For example, the invoice represents that, for three consecutive days, one of ES-24's employees worked twenty-two hours a day (followed by two thirteen-hour days), two employees worked twenty hours a day, and three other employees worked at least eighteen hours a day.[2]  *See* D.E. 12-1 at 4, 8, 12, 16, 20.  Further, the charges for equipment and supplies include, among other items, $6,080.00 for the use of two dumpsters over four days, $1,639.00 for trash bags, $4,948.00 for boxes, $3,529.00 for wipes, and $3,286.68 for various common types of tape.  *See id.* at 5, 9, 13, 17, 21.  On top of the total charges for labor, equipment, and supplies, the invoice adds ten percent for "[p]rofit" and another ten percent for "[o]verhead."  *Id.* at 2.

Federated asserts that ES-24 submitted a separate claim to Nova for ES-24's remediation of damage covered under Nova's policy with NBCC.  Following an apparent dispute over the amount of that claim, ES-24 sued Nova in Broward County Circuit Court.  According to Federated, the filings in that case show that ES-24 has sought $217,757.76 under the Nova policy.  Thus, in total, ES-24 has claimed entitlement to over $400,000 for its work on the Building.

---

[1]ES-24 later submitted a revised invoice to Federated totaling $195,341.60.  *See* D.E. 12-2 at 2-22.  Based on ES-24's discovery responses, however, its claim in this action appears to rely on the original invoice rather than the revised one.  *See* D.E. 12-3 at 18 (Answer to Interrog. No. 6).

[2]The invoice indicates that most of these employees served in management or supervisory roles, overseeing several other individuals who worked on the Building.  *See* D.E. 12-1 at 4, 8, 12, 16, 20.

In connection with ES-24's claim regarding the damage covered by Federated's policy, Federated retained an outside company to estimate the reasonable value of the work that ES-24 performed. The company provided an estimate of $89,937.28, and Federated paid that amount to ES-24. Unsatisfied with this payment, ES-24 brought this action against Federated in Broward County Circuit Court. Federated then removed the case to this Court based on diversity jurisdiction. *See* D.E. 1; 28 U.S.C. § 1332.

In its Complaint, ES-24 claims that Federated breached its insurance contract with Able South (and, by assignment, with ES-24) by failing to pay the full amount that ES-24 charged for its work on the Building. *See* Compl. at 2-3.[3] ES-24 alleges that it has submitted "reasonably priced bills" for its services but that Federated has "fail[ed] to pay full value" for those services. *Id.* at 2. Federated has answered ES-24's Complaint, denying further liability on ES-24's insurance claim. *See* D.E. 4 at 2-3. Federated has also asserted various affirmative defenses, including that ES-24's charges are excessive and that other insurance (the Nova policy, presumably) covers the damage that ES-24 repaired. *See id.* at 3-5.

During discovery, Federated served on ES-24 various interrogatories and production requests. ES-24 responded to these inquiries but objected to many of them on relevancy or other grounds. In its Motion to Compel, Federated contends that ES-24's responses to ten of the interrogatories and fourteen of the production requests are insufficient. Federated also seeks an award of the attorney's fees and costs it has incurred in bringing its Motion. *See* Fed. R. Civ. P. 37(a)(5).

---

[3]Federated's Notice of Removal attached only the first and last pages of ES-24's Complaint. *See* D.E. 1-1 at 1-2; D.E. 1-2 at 2-3. At the motion hearing, however, Federated's counsel provided the Court with a full copy of the Complaint.

## Discovery Standards

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery.  That rule provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case."  Fed. R. Civ. P. 26(b) advisory committee notes (1946).  Indeed, the Advisory Committee Notes approvingly cite language from a case stating that "the Rules . . . permit 'fishing' for evidence as they should."  *Id.* (alteration in original) (citation omitted); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

The courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure.  As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial.  Properly used, they prevent prejudicial surprises and conserve precious judicial energies.  The United States Supreme Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)[4] (citing *Hickman*, 329 U.S. at 507; *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964)).

---

[4]Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Of course, the scope of permissible discovery is not unbounded.  Requested discovery must be relevant, and it must not impose an undue burden or be unreasonably cumulative, under the standards described in Rule 26(b)(2)(C).  Finally, even if the discovery sought meets all these requirements, an opposing party generally may not be compelled to respond to it if that party invokes and demonstrates the applicability of an appropriate privilege or protection.

**Motion to Compel**

For each of the interrogatories and production requests at issue here, the Court sets forth below Federated's discovery request, ES-24's response, and the Court's analysis of the Motion to Compel.  Where appropriate, the Court has grouped certain interrogatories and production requests for discussion.

**Interrogatory No. 1**

1.  Please provide a detailed listing of all lawsuits in Florida in which you are a plaintiff and claim that an insurance company owes you money for water extraction, water remediation, or fire remediation. Include the case style; the nature of the allegations; whether the case has been resolved; whether the case was resolved by negotiation, trial, hearing or motion; the terms and conditions of the resolution; findings of the court or jury; any judgments or orders entered; and whether the lawsuit is still pending.

    ANSWER:

    Objection.  The requested information is not relevant to this action.  Furthermore, most of the information requested is public record.  Plaintiff maintains several offices within the State of Florida and provides its services statewide.  Accordingly, this request is further objected to on grounds of being overly broad, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.

D.E. 12-3 at 13.

In its Motion to Compel, Federated argues that information about ES-24's prosecution of similar lawsuits against other insurance companies "may lead to evidence about the reasonableness *vel non* of Plaintiff's invoices, such as exhibits, deposition transcripts or discovery responses." D.E. 12 at 4.  ES-24 responds that the interrogatory is overly broad, requesting detailed information about

5

any action that ES-24 has ever brought against an insurer in the State of Florida.  Moreover, ES-24 notes that it operates statewide out of two offices and that the number of responsive lawsuits "could be in the thousands."  D.E. 13 at 3.  ES-24 therefore asserts that requiring it to research and compile the detailed list sought by Federated would be unduly burdensome.

The Court finds that, in general, the requested information concerning ES-24's disputes with other insurance companies about payment of remediation claims is discoverable.  This information is reasonably calculated to lead to the discovery of admissible evidence on the central issue in this case—the reasonableness of ES-24's charges in its invoice to Federated.  Nonetheless, given the nature and size of ES-24's business, the Court concludes that the burden and expense of responding to this broad interrogatory would outweigh the likely benefit of obtaining relevant evidence.  Moreover, because of variations in demand for ES-24's services, and thus, for the equipment ES-24 uses in performing its work,[5] only those jobs occurring in the same general geographic area during roughly the same period could fairly be expected to be comparably priced to the services rendered in this case.

The Court will therefore permit discovery of ES-24's lawsuits with other insurers but will limit that discovery to a recent, representative sample of cases.  *See* Fed. R. Civ. 26(b)(2)(C)(iii) (providing that the court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case . . . and  the importance of the discovery in resolving the issues"); *City of Waltham v. U.S. Postal Serv.*, 11 F.3d 235, 243 (1st Cir. 1993) (Breyer, C.J.) (explaining that the court "can weigh discovery burdens against the

---

[5]ES-24 has explained that, for example, its services increase in demand following a hurricane. For the same reasons, the prices of ES-24's supplies are subject to variation depending on natural disasters and other high-impact events.  As a result, ES-24's costs, and thus, its prices can vary significantly.

likelihood of finding relevant material").  In particular, ES-24 shall provide the information

requested for the three insurance claims that arose immediately before, and the three claims that

arose immediately after, ES-24's remediation work on the Building, and that resulted in ES-24's

filing of an action in the geographic area falling within the Southern District of Florida.

Accordingly, with respect to Interrogatory No. 1, Federated's Motion to Compel is **GRANTED IN**

**PART** and **DENIED IN PART**.

**Interrogatory No. 3**

3.       Please state the name, address, and title of each of your employees and any independent
         contractor retained by you, who did work at 4165 N. Dixie Highway, Pompano Beach,
         Florida.  Please state what each employee or independent contractor did, the date each
         employee or independent contractor did work, the amount you paid each employee or
         independent contractor for the work, and how that amount was calculated.  For each day an
         employee or independent contractor listed in your answer to this interrogatory did work,
         please state the time they arrived at 4165 N. Dixie Highway, Pompano Beach, Florida and
         the time they left that location.  Please identify all documents that you relied upon in
         answering this interrogatory.

         ANSWER:

         1.       Micah Bass, Vice President
                  Emergency Services 24, Inc.
                  c/o Katzman Garfinkel Berger
                  5297 W. Copans Road
                  Margate, FL  33063

         Mr. Bass, on behalf of ES 24, has information/documentation regarding the damages
         incurred at the property at issue, and the services provided and fees charged by ES 24 for the
         services at issue in this matter.

         2.       The following individuals are or were employed by Emergency Services 24, Inc. and
                  have information regarding the damages incurred and services provided by ES 24:

                  a.       Carlos Ferrarie
                  b.       Joel Johnson
                  c.       Amanda Stapp
                  d.       Oscar Hernandez
                  e.       Ricardo Hernandez
                  f.       Lucy Salvador
                  g.       Garcia Ortiz

        h.      William Alexander
        i.       Orlando Martinez
        j.       Armado Mendez
        k.     Juan Alvarez
        l.       Everardo Sotelo
        m.    Jose Montano
        n.      Jose Garcia
        o.      Damarie Hernandez
        p.      Erica Parks
        q.      Chris Pell
        r.       Lee Adams

Address for all of the above:
Emergency Services 24, Inc.
c/o Katzman Garfinkel Berger
5297 W. Copans Road
Margate, FL  33063

3.      Mike Miller
        Property Damage Consulting
        3461 Bowman Drive
        Winter Park, FL  32792

Mr. Miller may have information/documentation regarding the damages incurred at the property at issue, and the services provided and fees charged by ES 24 for the services at issue in this matter.

See also invoices submitted to Defendant itemizing labor charges and reflecting time incurred and rates charged for the same attached to responses to Defendant's Request for Production.

Plaintiff reserves the right to supplement its Rule 26 Disclosures and this response as discovery is ongoing.

D.E. 12-3 at 16-17.

Federated argues that ES-24's interrogatory response is incomplete because although it lists the people who performed work on the Building, it "does not provide their addresses, titles, amounts they were paid, how those amounts were calculated, or the times they arrived at and left the premises of Able South."  D.E. 12 at 6.  Regarding the workers' addresses, Federated notes that "for many of the people listed, Federated is not required to go through Plaintiff's lawyers to speak with them,"

especially if they no longer work for ES-24.  *Id.*  ES-24 responds that it has already produced the invoice that lists the number of hours each person worked on the Building and the amounts that ES-24 charged for their work.  Further, ES-24 asserts that the amounts it paid to its workers are irrelevant because "the only issue" is whether Federated breached the insurance contract by failing to pay ES-24's bills in full. D.E. 13 at 4. According to ES-24, Federated "cannot defend against the bills by the fact that ES24 is in business to make a profit." *Id.*

Despite ES-24's claim to the contrary, the amounts that ES-24 paid its employees (and any contractors) for work on the Building are relevant to ES-24's breach-of-contract claim and Federated's defenses to that claim.  As previously noted, the parties' dispute centers on whether the amounts that ES-24 charged for its work on the Building, including labor, were reasonable.  While ES-24 correctly notes that it may be allowed to make a profit, *see infra* at 11, Federated is entitled to learn the amount of that profit by discovering how much ES-24 paid its workers in comparison to the amounts it charged for their services.  This is especially true given that ES-24's invoice includes separate charges for "[p]rofit" and "[o]verhead," thereby suggesting that the underlying charges for labor reflect ES-24's actual costs.  Similarly, the times that employees arrived at and left the Building each day are relevant to the reasonableness of ES-24's labor charges, particularly since the invoice represents that several employees worked extremely long hours.[6]  Because the information sought by Federated is relevant to the claims and defenses here, Federated's Motion to Compel regarding Interrogatory No. 3 is **GRANTED**.

---

[6]ES-24 produced work logs indicating that on at least some of the relevant days, certain technicians were at the Building from 7:00 a.m. to 7:00 p.m.  *See* D.E. 14-2 at 2-12.  These documents, though, do not show the hours that all of ES-24's workers arrived and departed on every day that work was performed on the Building.

**Interrogatory No. 5**

5.      Please specify the coverages and policy provisions of the Federated Mutual Insurance Company policy that you contend provide coverage for the invoices you submitted to Federated Mutual Insurance Company.  Please describe in detail how and why, both legally and factually, that coverage or policy provision provides coverage.  If you contend more than one coverage or policy provision provides coverage for the invoices or any amount or charge therein, please specify the amount owed under each specific provision and coverage and describe the service provided for each charge.  Please also describe in detail how and why, both legally and factually, each coverage or policy provision provides coverage for each specific service or charge.

ANSWER:

Objection to the extent that this interrogatory no. 5 calls for a legal opinion or conclusion. Plaintiff further objects to the extent this interrogatory seeks Plaintiff counsel's work-product privileged opinions.  Subject to and without waiving said objections, coverage and policy provisions providing coverage, include but are not strictly limited to, the coverage provision under the Businessowners Special Property Coverage Form, BP-F-101, Section A(1), A(5), and various other subsections and endorsements thereto.

D.E. 12-3 at 17-18.

Federated argues that ES-24 "has the burden of establishing coverage" and that "Federated is entitled to know what provisions of the policy Plaintiff contends provide coverage for the work it claims it did." D.E. 12 at 7.  As ES-24 emphasizes, however, whether Federated's policy generally covers ES-24's claim for its remediation work on the Building is not in dispute here.  Federated has acknowledged that its policy entitles ES-24 to recover the reasonable value of its work to repair the damages to Able South's property, and Federated has paid ES-24 $89,937.28 to satisfy that obligation.  The issue in this case is whether the *amount* of that payment reflects the reasonable value of ES-24's services.  In addition, the Court notes that ES-24's interrogatory response provides at least some indication of its view of the policy provisions that cover its claim.  For these reasons, Federated's Motion to Compel concerning Interrogatory No. 5 is **DENIED**.

**Interrogatory No. 6**

6.  Please state the total amount of damages in dollars and cents you are suing for as alleged in
    paragraph 15 of the complaint, how that amount was calculated, and why you are entitled to
    those damages.  Your answer should include all bases in law and fact for your contention that
    you are owed "overhead and profit."  Please identify all persons who have knowledge about
    the total amount of damages you are suing for.  Please identify all documents that support
    that the amount you are sui[ng] for is the total amount of your damages.

    ANSWER:

    $122,306.85 (The invoiced amount less prior payments), plus attorney's fees, costs, and pre-
    judgment interest.

    Plaintiff's invoice(s) represent charges for labor, material and equipment expended in
    services already provided to Defendant's insured in the remediation of a covered loss under
    the Federated Mutual policy at issue.

    Based on the vague and overly broad question, see Plaintiff's Rule 26 Disclosures for a list
    of persons with knowledge of the amounts due and owing, including but not limited to:

    Micah Bass
    Josiane Silva
    Michael Miller
    Federated Mutual's adjusters and retained professionals.

    Documents supporting the amount due are attached and already in Defendant's possession.

D.E. 12-3 at 18.

    Federated contends that ES-24's response fails to explain why ES-24 is entitled to

"overhead" and "profit," for which ES-24's invoice charged a total of $33,689.54.  *See* D.E. 12-1

at 2.  The parties agree that under Florida law, such amounts are recoverable when it is reasonably

likely that the insured would need to hire a general contractor to repair the covered damage, such as

when multiple trades must be employed.  *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1305-06

(11th Cir. 2008).  ES-24 maintains that it has produced documents showing that demolition work

was performed on the Building and therefore that the *Mills* standard is met here.  Although Federated

questions the adequacy of this explanation, ES-24 has nonetheless represented that the demolition

work is the basis for ES-24's profit and overhead charges.  Barring a supplemental response,

therefore, ES-24 will be limited to relying on this factual basis in showing why *Mills* is satisfied.

Whether, as a matter of law, ES-24's response provides an adequate basis for meeting the *Mills*

standard is not before the Court.  Thus, Federated's Motion to Compel as it regards Interrogatory

No. 6 is **DENIED**.

**Interrogatory No. 7**

7.      Please describe, in detail, the tasks you performed and work you did at 4165 N. Dixie
        Highway, Pompano Beach, Florida for which you have billed Federated Mutual Insurance
        Company.  Please also describe the equipment used, including any dumpsters, in performing
        those tasks, whether you own that equipment or dumpster, and if so, where that equipment
        or dumpster is stored.  If you do not own any of the equipment, including dumpsters, used
        in doing the work, please specify from whom you obtained the equipment for use at 4165 N.
        Dixie Highway, Pompano Beach, Florida and the amount you paid to use it.

        ANSWER:

        See the detailed invoices attached to Plaintiff's response to Defendant's Request for
        Production which have already been provided to and are in Defendant's possession.
        Summarily, Plaintiff provided cleanup, including packing and moving the insured[']s
        voluminous business contents and equipment, and remediation services to appropriately dry-
        out the insured's space, removing smoke residue and odor from the unit, cleaning the unit
        and treating the space to minimize and/or eliminate any microbial growth that will cause
        additional related damages.  All equipment owned by Plaintiff except dumpster, rented from
        Waste Management of Broward County.

D.E. 12-3 at 19.

        In its Motion to Compel, Federated argues that ES-24's interrogatory response fails to

disclose the amount that ES-24 paid to rent the dumpsters used at the Building.  Federated notes that

ES-24's invoice charged a total of $6,080 to use two dumpsters for four days.  In its Response to the

Motion, ES-24 states that it "is in the process of confirming if the information previously provided,

that the dumpsters were rented from Waste Management, is accurate and will provide the

supplemental confirmation and requested information, if it exists, once confirmed by ES24."  D.E.

13 at 6.  At the motion hearing, ES-24's counsel confirmed that ES-24 will provide Federated with

the amount that ES-24 paid to rent the dumpsters. With regard to this issue, therefore, Federated's Motion to Compel regarding Interrogatory No. 7 is **GRANTED**.

Federated's counsel further asserted at the hearing that ES-24 should be compelled to produce additional information about the other equipment that ES-24 used at the Building. ES-24's counsel responded that, as stated in the interrogatory response, ES-24 owned all the equipment that it used at the Building except for the dumpsters. To the extent that Federated seeks more information about ES-24's equipment other than the dumpsters, the Court declines to compel the production of that information. Federated's Motion to Compel focused exclusively on the dumpsters and did not give ES-24 notice that Federated sought additional discovery concerning the other equipment. *See* S.D. Fla. L.R. 26.1(h)(2) (requiring that a motion to compel discovery "state . . . verbatim the specific item to be compelled"). Consequently, with respect to that equipment, Federated's Motion to Compel is **DENIED**.

**Interrogatories Nos. 8 and 9**

8.  Please describe, in detail, the tasks you performed and work you did at 4165 N. Dixie Highway, Pompano Beach, Florida for which you have billed Nova Casualty Company. Please also describe the equipment used, including any dumpsters, in performing those tasks, whether you own that equipment or dumpster, and if so, where that equipment or dumpster is stored. If you do not own any of the equipment, including dumpsters, used in doing the work, please specify from whom you obtained the equipment for use at 4165 N. Dixie Highway, Pompano Beach, Florida and the amount you paid to use it.

    ANSWER:

    Objection, this interrogatory seeks information wholly irrelevant to the cause of action in this matter. Subject to and without waiving said objection, Plaintiff did not "bill" Nova Casualty Company. Plaintiff prepared a repair estimate for reconstruction of property owned by Able South's landlord and damaged during the same fire loss at issue in this matter. Some of the work detailed in the estimate, already in Defendant's possession, was performed by Plaintiff including the preparation and hanging of electrical and HVAC equipment, sealing of the walls, and other services short of hanging drywall and other related work to completely restore the loss unit.

9.      Please state the total amount of the invoice(s) you submitted to Federa[ted] Mutual Insurance Company for payment and total amount of the invoice(s) you submitted to Nova Casualty Company for payment.  Please describe how you determined which insurance company owed you for each task, service, or item you charged it for.  Is it your contention that the aggregate of the amounts of the invoices submitted to Federa[ted] Mutual Insurance Company and Nova Casualty Company is the amount you are owed for work at 4165 N. Dixie Highway, Pompano Beach, Florida?  If so, what is that amount?  If not, what is the amount, in total, you believe you are owed for the services provided at 4165 N. Dixie Highway, Pompano Beach, Florida?  Please provide the factual basis for your answer.

ANSWER:

Objection.  As repeatedly stated above, Defendant's interrogatory no. 9 seeks information wholly irrelevant to the cause of action at issue in this matter.  See answer to interrogatory no. 6 above for amounts sought in this lawsuit.

D.E. 12-3 at 19-20.

As reflected in its interrogatory responses, ES-24 maintains that any information regarding ES-24's claims under the Nova policy is irrelevant to this case.  ES-24 emphasizes that Federated's policy covers the remediation work that ES-24 performed on Able South's property—the value of which is the subject of this lawsuit—while Nova's policy covers separate work that ES-24 undertook with respect to NBCC's property.  According to ES-24, "the claims submitted to [Nova] and how those claims were handled [have] no bearing on ES24's cause of action or [Federated's] alleged defenses."  D.E. 13 at 7.

The Court concludes, however, that the information sought by Federated is relevant here.  Based on an "[o]ther [i]nsurance" provision in its policy, Federated has invoked the affirmative defense that "[t]here is other insurance covering the same loss or damage" and therefore that Federated's liability to ES-24 is reduced by the amount of the other coverage.  *See* D.E. 4 at 3-4.  The information that Federated seeks in these interrogatories, regarding the services for which ES-24 billed Nova (as opposed to Federated), is relevant to this defense.  As Federated explains, the interrogatories are "reasonably calculated to determine whether or not there is any overlap between

14

the charges to Federated and to Nova . . . and whether some of the 'equipment' was billed to both companies, or, whether all equipment was billed to Federated, even for work performed for Nova['s] insured." D.E. 12 at 10.  In other words, Federated is entitled to know whether ES-24 is "double-dipping," especially given Federated's contention that many of ES-24's charges are excessive.  D.E. 14 at 7.  For these reasons, Federated's Motion to Compel with respect to Interrogatories Nos. 8 and 9 is **GRANTED**.

**Interrogatory No. 14**

14. Has the person answering these interrogatories, or any owner, proprietor, shareholder, officer, partner, or director of you, ever been charged with, pled guilty or no contest to, or been convicted of a crime, other than any juvenile adjudication, which under the law which they were convicted or charged, was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each, the name of the applicable person; the specific crime charged, ple[d] to, or convicted of; a factual summary of the allegations made against the person; the identity of the court; the date and the place of the charge, plea, or conviction; and the punishment received, if any.

ANSWER:

Objection, Defendant's interrogatory no. 14 seeks information wholly irrelevant to the Plaintiff's cause of action or the Defendant's affirmative defenses as pled.  Furthermore, the request is not narrowly tailored to lead [to] the discovery of admissible evidence.  This interrogatory is overly broad and not limited in its scope, time frame, or the content of the information being sought.  Further answering, criminal history is public record and available to Defendant without further burdening Plaintiff.

D.E. 12-3 at 21-22.

Federated claims that "[t]he criminal history, if any, of Plaintiff's principals is relevant or reasonably calculated to lead to impeachment evidence." D.E. 12 at 11.  ES-24 responds that it is a corporate entity and that no individual principal or officer of the company is a party to this action. In any event, ES-24 argues that Federated's request is premature because Federated has not yet requested depositions of ES-24's corporate representative or any other company official.

Subject to certain conditions, Rule 609 of the Federal Rules of Evidence allows the admission of certain criminal convictions "[f]or the purpose of attacking the character for truthfulness of a witness." Fed. R. Evid. 609(a). In general, such convictions must be no more than ten years old and must involve either (1) a crime punishable by death or imprisonment in excess of one year or (2) a crime that requires proof of an act of dishonesty or false statement by the witness. *See* Fed. R. Evid. 609(a), (b). Although Rule 609 would generally permit impeachment with the type of convictions listed in Federated's interrogatory, the Court notes that rule expressly applies to "a witness." Here, apparently, Federated has not yet sought to depose a corporate witness for ES-24, *see* Fed. R. Civ. P. 30(b)(6), nor have any other specific witnesses been identified. Therefore, at least at this point, Federated's broad request for the criminal history of any "owner, proprietor, shareholder, officer, partner, or director of" is somewhat premature. Nevertheless, it does not take a giant leap of logic to find that the individual or individuals responsible for deciding to submit the claim to Federated certainly qualify as potential (and likely) witnesses.

Accordingly, Federated's Motion to Compel concerning Interrogatory No. 14 is **GRANTED IN PART**, as follows: ES-24 shall respond to the interrogatory to the extent it seeks information about any decision-maker in the preparation and submission of ES-24's claim to Federated who, within the past ten years, has been convicted of either (1) a crime punishable by death or imprisonment in excess of one year or (2) a crime that requires proof of an act of dishonesty or false statement by the defendant. To the extent Federated's interrogatory seeks information beyond that specified by the Court, Federated's Motion to Compel is **DENIED IN PART**.

**Interrogatory No. 16**

16.     Please state the amount you actually spent for the services you provided at 4165 N. Dixie Highway, Pompano Beach, Florida, including, but not limited to, for labor, materials, and equipment. Your answer should provide a detailed line item breakdown of the amount you spent, and for each line item, should specify whether it is related to the work billed to

Federated Mutual Insurance Company or to the work billed to Nova Casualty Company. Please identify all documents th[at] support your answer and/or that you relied upon in answering this interrogatory.

ANSWER:

See Plaintiff's invoices and other supporting documentation attached to its response to Defendant's Request for Production. Plaintiff is unable to answer this interrogatory with the specificity requested by Defendant given Plaintiff operates statewide and purchases materials and equipment in bulk and at varying times, not for just this individual claim. Moreover, Plaintiff owns most of the equipment used in the services at issue here.

D.E. 12-3 at 22.

ES-24 asserts that it "routinely stockpiles supplies in order to appropriately keep all of its offices at the ready to provide emergency services when needed." D.E. 13 at 9. Thus, according to ES-24, "there is no reasonable way to determine the amounts spent on various materials and equipment specific to the services provided in this case." *Id.* ES-24 further argues that the requested information about the labor and supplies that ES-24 billed to Nova is irrelevant to this action.

As discussed above with respect to Interrogatory No. 3, the costs that ES-24 incurred in connection with its work on the Building—including labor, equipment, and supplies—are relevant to determining whether the amounts that ES-24 billed to Federated are reasonable. This is particularly true in light of ES-24's additional charges for "[p]rofit" and "[o]verhead," which suggest that all other charges in ES-24's invoice represent the company's actual costs. Assuming that ES-24's various charges somehow factor in these costs, ES-24 should be able to provide at least some information about its costs for the equipment and materials used at the Building.[7] For example, based on its bulk-purchase records, ES-24 should be able to provide an estimated range for the costs of its supplies. If, however, after a thorough investigation, ES-24 determines that it cannot provide

---

[7] The Court also assumes that ES-24 can provide the requested information about its labor costs, as ES-24 does not contend otherwise. (See also discussion of Interrogatory No. 3 above.)

any reliable information concerning its materials costs, ES-24 shall respond to Federated's interrogatory accordingly.  *See* Fed. R. Civ. P. 33(b)(1)(B) (providing that a corporate party responding to an interrogatory "must furnish the information available to the party").

Moreover, the Court rejects ES-24's argument that the requested cost information regarding the services that ES-24 billed to Nova is irrelevant here.  For the reasons already discussed under Interrogatories Nos. 8 and 9, this information is relevant to Federated's defense that the Nova policy covers part of the work for which ES-24 billed Federated and, more specifically, Federated's theory that ES-24 may have charged both insurers for some of the same labor, equipment, and materials. Thus, Federated's Motion to Compel concerning Interrogatory No. 16 is **GRANTED**.

**Interrogatory No. 18**

18.    For each line item listed in the invoices you submitted to Federated Mutual Insurance Company and the attachments thereto, please explain, in detail, how the prices or charges were determined.  Your answer should not answer the interrogatory only generally, but should provide the basis for each line item to the invoice and its attachments.

ANSWER:

Please refer to the price index attached to the contract (attached again here for your convenience).  See also the response to interrogatory no. 17 above.[8]

D.E. 12-3 at 23.

---

[8]Interrogatory No. 17 asked ES-24 to provide information supporting the allegation in the Complaint that ES-24's bills were "reasonably priced."  D.E. 12-3 at 23.  ES-24 responded to that interrogatory as follows:

Plaintiff's pricing is based on various sources of pricing information for the same services in the same geographic region including pricing from Xactimate [a software program], prices allowed and paid by insurance companies and independent adjusters, and competitors['] pricing in the industry, as well as Plaintiff and its principal's own experience in the industry for over 20 years. See Plaintiff's invoices previously provided regarding reasonable pricing.

*Id.*

ES-24 notes that it has already provided information to Federated about how the prices for ES-24's services were calculated. According to ES-24, this information includes a "price index" that ES-24 relies on in determining the price of a job. D.E. 13 at 9. Federated maintains, though, that it has never received this document. Based on this representation, Federated's Motion to Compel is **GRANTED IN PART** to the extent it seeks production of the price index.

Following a discussion of the price index at the motion hearing, Federated's counsel indicated that Federated also wished to know how ES-24 determined the prices it uses in its price index. The Court finds, however, that ES-24 has fairly responded to Federated's interrogatory as phrased. Using ES-24's response, including the price index, Federated may inquire further about the sources of ES-24's prices in deposing appropriate witnesses of ES-24. To the extent Federated seeks additional information in response to Interrogatory No. 18, Federated's Motion to Compel is **DENIED IN PART**.

**Requests for Production Nos. 2, 4, 5, 7, and 13**

2.      A complete copy of your file, including printouts of any electronic files, relating to the work you performed at 4165 N. Dixie Highway, Pompano Beach, Florida for North Broward Commerce Center, LLC. This request should be read to exclude any documents reflecting communications between you and your attorneys.

        ANSWER:

        Objection. This request seeks information wholly irrelevant to the cause of action in this matter.

4.      All pleadings, motions, transcripts, discovery requests, discovery responses, or other papers filed or served in *Emergency Services 24, Inc. v. Nova Casualty Company*, in the Circuit Court in and for Broward County, Florida, Case No.: 11-05652.

        ANSWER:

        Objection. This request is wholly irrelevant to the cause of action in this matter. Further objecting, the court file for the lawsuit referenced above is public record and accessible by Defendant, and to the best of Plaintiff's knowledge, Defendant is already in possession of

the same.

5.      All documents, communications, and correspondence between you (or anyone on your behalf) and Nova Casualty Company (or anyone on its behalf) relating to the event you describe in paragraph 5 of the complaint.[9]

[ANSWER:]

Objection.  This request is wholly irrelevant to the cause of action in this matter.  Further objecting, this request can be read to include confidential litigation documentation and/or attorney-client or work-product privileged material.

7.      All documents, communications, and correspondence between you (or anyone on your behalf) and North Broward Commerce Center, LLC (or anyone on its behalf) relating to the event you describe in paragraph 5 of the complaint.

[ANSWER:]

Objection.  This request is wholly irrelevant to the cause of action in this matter.  Further objecting, this request can be read to include confidential litigation documentation and/or attorney-client or work-product privileged material.

13.      All documents (especially receipts, invoices, or expense statements) that are the source material or basis for the invoices you submitted to Nova Casualty Company for services provided at 4165 N. Dixie Highway, Pompano Beach, Florida.

ANSWER:

Objection.  This request is wholly irrelevant to the cause of action in this matter.

D.E. 12-3 at 2-5.

ES-24 argues that these production requests are irrelevant to this action because the requested

documents are "solely related to the non-party and unrelated claim for NBCC and its carrier Nova."

D.E. 13 at 10.  But as already discussed, information concerning ES-24's claim with Nova is relevant

to Federated's defense that other insurance covers the remediation work that ES-24 performed on

_____

[9]Paragraph 5 of the Complaint refers to the fire at the Building and the resulting damage to Able South's property.

Able South's property and to Federated's specific theory that ES-24 is "double-dipping." D.E. 14 at 8. For example, the documents sought in Request for Production No. 5 are relevant because they may disclose the services that Nova believed it was covering, as well as the services for which ES-24 sought coverage under the Nova policy. Accordingly, with two exceptions that follow, Federated's Motion to Compel concerning Requests for Production Nos. 2, 4, 5, 7, and 13 is **GRANTED**.[10] Regarding Request for Production No. 4, in light of the volume of other production in this case, ES-24 must produce only those responsive documents that are not contained in the public court file, since Federated is free to obtain any documents in that file. As to Requests for Production Nos. 5 and 7, ES-24 shall exclude from its production any documents that relate solely to the collateral dispute over certain payments that Nova made to NBCC.

**Request for Production No. 6**

6.     All documents, communications, and correspondence between you (or anyone on your behalf) and Able South, Inc. (or anyone on its behalf) relating to the event you describe in paragraph 5 of the complaint.

ANSWER:

Objection to the extent this request includes confidential litigation documentation and/or attorney-client or work-product privileged material. Plaintiff attaches all non-privileged documentation.

D.E. 12-3 at 4.

With respect to this request, ES-24 "withdraws the stated attorney-client privilege objection and responds that to the best of its knowledge and ability, all documents, communications and correspondence between ES24 and Able South have already been produced to [Federated] by ES24's

---

[10]ES-24's counsel indicated at the hearing that ES-24 is not withholding any documents responsive to Federated's production requests on the basis of attorney-client or work-product privilege. But to the extent that ES-24 may wish to assert a privilege objection for any of the requested documents, ES-24 must make an appropriately specific objection and produce a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); S.D. Fla. L.R. 26.1(g)(3)(B), (C).

responses served July 29, 2011." D.E. 13 at 11.  In view of this representation, Federated's Motion

to Compel as it regards Request for Production No. 6 is **DENIED AS MOOT**.

**Request for Production No. 14**

14.     A copy of any contracting license, security guard license, and/or professional license of every
        person that performed services at 4165 N. Dixie Highway, Pompano Beach, Florida.

        ANSWER:

        Objection.  This request is overly broad in that it could seek information and documentation
        relative to the separate and distinct claim and lawsuit against Nova Casualty Company that
        is irrelevant to the cause of action in this matter.  This request is also further irrelevant in that
        the services provided by Plaintiff in this case do not require professional licenses.
        Furthermore, the status of any individual's license is public record and can be verified
        through . . . myFlorida.com and the Department of Business Regulation or other relevant
        agency.  Subject to and without waiving said objections, attached please find Plaintiff's
        business related licenses.

D.E. 12-3 at 5-6.

        At the motion hearing, ES-24's counsel explained that ES-24 has produced all licences

responsive to this request and that it is withdrawing its objection.  Counsel further agreed to provide

an amended response clarifying these points.  Accordingly, as it concerns Request for Production

No. 14, Federated's Motion to Compel is **GRANTED**.

**Requests for Production Nos. 20, 21, 22, 24, and 25**

20.     All time records, time sheets, time cards, and other documents, that, in any[]way, show the
        amount of time the following people worked for you in July 2010:

        a.      Mike Bass
        b.      Carlos Ferrarie
        c.      Joel Johnson
        d.      Amanda Stapp
        e.      Oscar Hernandez
        f.      Ricardo Hernandez
        g.      Lucy Salvador
        h.      Garcia Ortiz
        i.      William Alexander
        j.      Orlando Martinez
        k.      Armando Mendez

l.      Juan Alvarez
m.    Everardo Sotelo
n.     Jose Montano
o.     Jose Garcia
p.     Damarie Hernandez
q.     Erica Parks
r.     Chris Pell
s.     Lee Adams

ANSWER:

Objection. This request is overly broad, unduly burdensome, calls for documentation wholly irrelevant to the cause of action and affirmative defenses at issue, and is not narrowly tailored to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see Plaintiff's invoices attached (already in Defendant's possession) that evidence the time spent by the individuals listed above on the claim at issue. Further answering, Plaintiff did not keep in its ordinary course and scope of business any other documentation evidencing employee time other than what has been produced.

21.    All IRS-1099 forms, or other IRS tax related forms, for each individual listed in request number 20 for payment for work they did at 4165 N. Dixie Highway, Pompano Beach, Florida.

ANSWER:

Objection. This request is wholly irrelevant to the cause of action in this matter. Plaintiff's burden is to prove Defendant breached the insurance contract at issue by failing to fully pay for the services provided. The prices charged are not based on the amounts paid to employees. Subject to and without waiving said objection, Plaintiff is not in possession of the documentation requested specific to the claim at issue in this matter.

22.    All documents showing payment to any individual listed in request number 20 for work they did at 4165 N. Dixie Highway, Pompano Beach, Florida.

ANSWER:

Objection. This request is wholly irrelevant to the cause of action in this matter. Plaintiff's burden is to prove Defendant failed to fully pay for the services provided. The prices charged are not based on the amounts paid to employees. Subject to and without waiving said objection, Plaintiff is not in possession of the documentation requested specific to the claim at issue in this matter.

24.     All documents that show the hourly rate you paid the people listed in request number 20 for the work you contend they performed at 4165 N. Dixie Highway, Pompano Beach, Florida.

ANSWER:

Objection. This request is wholly irrelevant to the cause of action in this matter. Plaintiff's burden is to prove Defendant breached the insurance contract at issue by failing to fully pay for the services provided. The prices charged are not based on the amounts paid to employees. Furthermore, the hourly rate paid any person who worked for Plaintiff relative to this matter does not take into consideration Plaintiff's overall cost to employ such individuals.

25.     A copy of all documents, including canceled checks, showing the amount you paid the people listed in request number 20 for work you contend they performed at 4165 N. Dixie Highway, Pompano Beach, Florida.

ANSWER:

Objection. This request is wholly irrelevant to the cause of action in this matter. Plaintiff's burden is to prove Defendant breached the insurance contract at issue by failing to fully pay for the services provided. The prices charged are not based on the amounts paid to employees. Furthermore, the hourly rate paid any person who worked for Plaintiff relative to this matter does not take into consideration Plaintiff's overall cost to employ such individuals. Subject to and without waiving said objection, Plaintiff is not in possession of the documentation requested specific to the claim at issue in this matter.

D.E. 12-3 at 7-9.

Requests for Production Nos. 21, 22, 24, and 25 ask for documents verifying the amounts that ES-24 paid to its employees and contractors for their work at the Building. As previously discussed, Federated is entitled to seek discovery on this issue, which is relevant to the reasonableness of ES-24's labor charges. Therefore, with regard to these four production requests, Federated's Motion to Compel is **GRANTED**.

ES-24 argues that Request for Production No. 20 is overly broad because it seeks documents concerning any work that the listed individuals performed for ES-24 during the month of July 2010, not just during the five days they worked at the Building. Federated responds that the requested documents are relevant to the reasonableness of ES-24's labor charges because they may confirm

24

or refute ES-24's representation in its invoice that certain employees worked twenty-plus-hour days at the Building.  Specifically, the documents would show whether those employees "worked other jobs on the days claimed in this case" and whether they "worked similar hours on other days during that month."  D.E. 14 at 9.

For the reasons expressed by Federated, the Court agrees that the employees' work records covering the five days they worked at the Building and the immediately surrounding time frame are relevant.  The Court recognizes, though, that the probative value of these records declines as they move further away in time from the five-day work period at the Building.  Therefore, the Court will narrow Federated's production request to cover only the five-day period that work was performed at the Building and one week on each side of that period.  Accordingly, as it concerns Request for Production No. 20, Federated's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

Further, for most of the production requests listed above, ES-24's responses indicate either that ES-24 has already produced all responsive documents in its possession or that it does not possess any of the requested documents.  At the motion hearing, ES-24's counsel agreed to confirm these representations and, if necessary, to amend ES-24's responses.

**Request for Production No. 26**

26.    A copy of any insurance policies that provide coverage for property at 4165 N. Dixie Highway, Pompano Beach, Florida, including the Nova Casualty Company policy.

ANSWER:

Objection.  This request is wholly irrelevant to the cause of action in this matter.  Defendant is already in possession of its own insurance policy that provides coverage (already admitted by Defendant through payment) for the Plaintiff's services at issue.

D.E. 12-3 at 10.

In addition to Federated's own policy (which ES-24 has already produced), ES-24's counsel has agreed to produce a copy of NBCC's policy with Nova. Thus, Federated's Motion to Compel with respect to Request for Production No. 26 is **GRANTED**.

**Request for Production No. 36**

36.   All documents of communications relating to the insurance claim that is the subject of this lawsuit between you and your agents, representatives, or third parties. This request *does not* seek communications between you and your attorney.

ANSWER:

Objection. Overly broad as to scope, time and recipient. Plaintiff has already attached correspondence submitted to the carrier, as well as contracts with the named insured.

D.E. 12-3 at 12.

In its Response to Federated's Motion to Compel, ES-24 represents that "[t]o the best of ES24's knowledge and ability, all documents responsive to this request have been produced." D.E. 13 at 14. Given this representation, Federated's Motion to Compel concerning Request for Production No. 36 is **DENIED AS MOOT**.

### Request for Attorney's Fees and Costs

Federated seeks an award of the attorney's fees and costs that it incurred in bringing its Motion to Compel. *See* D.E. 12 at 1, 20. ES-24 opposes this request. *See* D.E. 13 at 1, ¶ 3. When one party prevails entirely on a motion to compel discovery, the court generally must award that party the reasonable expenses that it incurred in making or opposing the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A), (B). But the court may not award such expenses if the losing party's position was "substantially justified" or if "other circumstances make an award of expenses unjust." *Id.* When, as here, a motion to compel is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

In this case, the Court declines to impose on either party any of the expenses that the other party incurred in litigating Federated's Motion to Compel. The Court notes, initially, that Federated and ES-24 achieved roughly equal success on the Motion. More important, the positions taken by both parties concerning the Motion were substantially justified. "The Supreme Court has clarified that [a party's] discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997). For each of the disputed discovery requests here, the parties' arguments reflect genuine, good-faith differences about the scope of ES-24's discovery obligations. The Court therefore concludes that each party should bear its own expenses for the Motion to Compel.

### Conclusion

Accordingly, as set forth herein, Defendant's Motion to Compel Better Answers to Discovery [D.E. 12] is **GRANTED IN PART** and **DENIED IN PART**. It is hereby **ORDERED** that, by **Thursday, December 1, 2011,** Plaintiff shall provide further discovery responses to Defendant in accordance with the Court's rulings above.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 4th day of November, 2011.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Hon. William J. Zloch
      Counsel of record